VARIABLE–PARAMETER FIXTURE
DEVELOPMENT CORPORATION,
Plaintiff,

v.

MORPHEUS LIGHTS, INC., Defendant.

No. 90 Civ. 5593 (MGC).

United States District Court,
S.D. New York.

Aug. 26, 1993.

Kenyon & Kenyon by Philippe Bennett, Richard L. Hahn, Cary Kappel, New York City, for Variable Parameter Fixture Development Corp.

Skjerven, Morrill, MacPherson, Franklin & Friel by Anthony de Alcuaz, San Jose, CA, for Morpheus Lights, Inc.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Variable–Parameter Fixture Development Corporation, a New York corporation, sues Morpheus Lights, Inc., a California corporation, for patent infringement. Plaintiff moves to amend its complaint to join John Richardson, a California resident and the sole shareholder of Morpheus, as a defendant. For the reasons discussed below, the motion is granted.

## DISCUSSION

Defendant's primary argument in opposition to the motion is that the amendment could not withstand a motion to dismiss since venue would not be proper in this district as to Richardson.

Venue is proper in patent infringement suits in the district in which the defendant resides or in which the defendant has committed acts of infringement and has a regular and established place of business. *See* 28 U.S.C. § 1400(b). Venue in this district would not be proper as to Richardson under either of these tests. However, if a corporation is the "alter ego" of an individual it is appropriate to pierce the corporate veil in order to establish venue under the patent venue statute. *See Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed.Cir.1985). As defendant conceded during oral argument on the motion, plaintiff has established a *prima facie* case of alter ego by alleging that Richardson's compensa-

tion from defendant significantly increased after the initiation of this suit.

 After the *Minnesota Mining* case, 28 U.S.C. § 1391(c) was amended to provide that a corporate defendant shall be deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. This amendment applies to 28 U.S.C. § 1400(b). *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed.Cir.1990), *cert. denied*, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). In *Kinetic Instruments, Inc. v. Lares*, 802 F.Supp. 976 (S.D.N.Y.1992), even though venue was proper as to the corporate defendant only because it was subject to personal jurisdiction in this district, the court used an alter ego theory to pierce the corporate veil to establish venue as to the majority shareholder of the corporation. *Id.* at 986–88.

 Defendant argues that *Kinetic* was wrongly decided because, when venue is proper as to a corporate defendant only because it is subject to personal jurisdiction, it would be unfair to establish venue as to an individual based on an alter ego theory. Plaintiff has alleged that since this suit was commenced, Richardson, the sole shareholder and president of Morpheus, has withdrawn the corporate funds available to satisfy a judgment for plaintiff against Morpheus. Under these circumstances, it would not be unfair to require Richardson to litigate in this district. Moreover, the fact that venue as to a corporate defendant may be proper under the new venue provisions in more districts than was the case under the old provisions does not in any way affect the question of how fair it is to establish venue as to an individual on an alter ego theory. Even under the old venue provision, venue could be established as to an individual based on an alter ego theory in a district with which the individual had no connection other than through the corporation.

Defendant also contends that the motion to amend should be denied because of unjustified delay and bad faith on the part of plaintiff in bringing the motion and because allowance of the motion will unduly prejudice defendant. I have considered these conten-

tions and conclude that they are without merit. Defendant has requested that, in the event the motion is granted, the suit be transferred to California. This issue has not been briefed by the parties and will not be addressed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint is granted.

SO ORDERED.